No. 3729

Second Circuit

ETHERIDGE-ATKINS MOTOR CO. v.
BRODNAX

(January 31, 1930.  Opinion and Decree.)

K. Hundley, of Alexandria, attorney for plaintiff, appellant.

Polk & Robinson, of Alexandria, attorneys for defendant, appellee.

. ODOM, J.  On December 11, 1928, the defendant, Brodnax, bought a second-hand Dodge automobile from the plaintiff company, the price being $280. He paid $90 cash and gave his notes, secured by chattel mortgage on the car, for the balance. He failed to pay the notes, and plaintiff by this suit seeks to collect them. The defense is that the consideration for the notes failed. This defense was sustained by the lower court and plaintiff appealed.

The defense is good and was properly sustained. A few days after plaintiff sold and delivered the car to defendant, it was seized and taken from him by the sheriff in a foreclosure suit by the holder of notes secured by a prior mortgage on the car. Defendant had no knowledge of this prior mortgage on the car and as soon as it was seized went to plaintiff's manager, Mr. Thibodeaux, and informed him that the car had been seized and taken from him. Thibodeaux assured defendant that he would have the car released, but, after some delay, he informed defendant that he could not get it released at that time. There were some negotiations between Thibodeaux and defendant which resulted in the delivery by plaintiff to defendant of another Dodge car. The testimony is

conflicting as to the conditions upon which defendant accepted the second car. Mr. Thibodeaux, representing plaintiff as manager, says that defendant agreed to accept the second car in place of the first and agreed that the notes given for the first car should be transferred to the second. Defendant, however, says that the agreement was that he should receive the second car in lieu of the cash payment of $90 on the first, and that his notes should be surrendered and cancelled.

But, regardless of the agreement as to the conditions under which the second car was to be accepted by defendant, the pertinent facts are that plaintiff did not own the car which it originally sold to defendant and for which he gave the notes sued on. Prior to the date on which plaintiff sold the car to defendant, it had sold the same car to Mrs. Holt, who failed to pay the notes given for the purchase price and which were also secured by chattel mortgage on the property. Not only that, but Mrs. Holt's husband had granted a second mortgage on the car and these notes and the mortgage securing them were not paid. Mrs. Holt and her husband seem to have abandoned the automobile; at any rate, it was left on a street in Alexandria where the plaintiff company picked it up and carried it to its place of business. But there was no conventional or other transfer of the car back to plaintiff up to the time it was sold to defendant, nor has there been any since. Plaintiff, having no title to the car, could transfer none to defendant. The title to the car was in Mrs. Holt when plaintiff sold it and was in her at the time of the trial of this suit. Defendant gave the notes sued on in payment of the price of the car; he got no car and, as a result, the consideration for the notes failed.

More than that, Mr. Thibodeaux, plaintiff's manager, agreed to rescind the sale and to get defendant's notes which were then in Monroe. On page 13 of the evidence, he was asked what was said about these notes during the conversation which he had with defendant after the car was seized, and he answered:

"I told him I would get the notes back from Monroe and we could transfer them to the other car, in case he wanted the other car."

What Mr. Thibodeaux intended to do, no doubt, was to let defendant have another car of equal value and to hold these notes as evidence of the debt for the second car. But negotiations to that end failed, and this is clear because, later on, plaintiff did have the car released and tendered it to defendant, who refused to accept it. It seems clear to us that if Mr. Thibodeaux had understood that defendant had agreed to accept the second car in lieu of the first, he would not have subsequently tendered the original car to defendant.

If it be conceded, as suggested by counsel, that plaintiff could have acquired title to the car subsequent to the date on which it was sold to defendant and then delivered it to him, thereby making the notes and the mortgage good—the answer to the suggestion is that plaintiff did not perfect its title to the car, but only had it released from seizure. So that its title to the car, when it was subsequently tendered to defendant, was no better than when it was originally sold to him. Through some deal with the holders of the Holt notes, plaintiff had the car released from seizure. But Mrs. Holt was not consulted. So far as the record discloses, the title to the car is still in Mrs. Holt.

This suit is on promissory notes. The

defense is that the consideration failed, and defendant made good its defense.

The judgment appealed from is correct and is accordingly affirmed, with costs in both courts.